

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CR-28-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INFORMATION |
| | ) | |
| JILLIAN LEANNAH SCOTT | ) | |

The United States Attorney charges that:

At all times relevant to this Criminal Information:

## INTRODUCTION

1. Between on or about November 1, 2018, and on or about June 2, 2021, Jillian Scott ("SCOTT") was employed with State Employees Credit Union ("SECU") as a customer call representative.

2. While SCOTT was employed by SECU, she lived in Robeson County, North Carolina.

3. SECU is located in Raleigh, North Carolina, and is federally insured by the Federal Deposit Insurance Corporation.

## The Scheme

4. While employed by SECU, SCOTT worked remotely from her home on a SECU issued laptop. As a customer call representative, SCOTT had access to both the personal identifying information and account information of all SECU members. Specifically, SCOTT would gain access to these accounts when customers called into

the member service line for questions regarding their accounts.

5. From on or about November 1, 2018, until on or about June 2, 2021, SCOTT, accessed the bank accounts of over twenty SECU members (the "Victim Accounts"), on several hundred occasions without corresponding member phone calls. SCOTT accessed the Victim Accounts without the authority or knowledge of the victims and for reasons unrelated to transactions authorized or known by the victims.

6. As part of the overall scheme, SCOTT used the personal identifying information from the Victim Accounts to create at least nine fraudulent PayPal accounts and at least nine fraudulent CashApp accounts. These PayPal and CashApp accounts were linked directly to the respective Victim Accounts. SCOTT then used these fraudulent PayPal and CashApp accounts to transfer money from the Victim Accounts to accounts owned or controlled by her. SCOTT also accessed the Victim Accounts to create fraudulent Bill Pay checks which were then used to pay for accounts owned or controlled by SCOTT.

7. For example, on November 26, 2020, victim M.A. contacted SECU and spoke with SCOTT. Between November 30, 2020, and March 28, 2021, SCOTT accessed M.A.'s SECU account by social security number at least four times without a corresponding member phone call. At some time in or around November 26, 2020, SCOTT created a fraudulent PayPal account for M.A. that was linked to M.A.'s SECU account. Between April 6, 2021, and June 2, 2021, SCOTT used the fraudulent PayPal account to conduct 25 debit transactions totaling $1,673.18. SCOTT also created 7 Bill Pay checks from M.A.'s account totaling $10,325.00. Most of these checks were

made payable to another victim, A.R. These checks were then mailed to the address of another individual who was not a SECU account holder.

8. On April 23, 2020, victim B.C. called SECU and spoke with SCOTT. SCOTT then accessed B.C.'s member account more than 20 times without a corresponding member phone call. At some time in or around May 2020, SCOTT created a fraudulent PayPal account for B.C. that was linked to B.C.'s SECU member account. On May 19, 2020, a verification PayPal deposit and withdrawal posted to B.C.'s SECU account. Between May 20, 2020, and August 6, 2020, SCOTT conducted 23 PayPal withdrawals from B.C.'s SECU account to various other accounts in the amount of $3,176.00.

9. Between 9/23/20 and 1/22/21, SCOTT created 21 Bill Pay checks from B.C.'s checks totaling $25,950.

10. On August 6, 2020, victim H.W. called SECU and spoke to SCOTT. Later that day, SCOTT accessed H.W.'s account using H.W.'s social security number. On August 10, 2020, a PayPal verification deposit and withdrawal posted to H.W.'s SECU account. At some time in or around August 6, 2020, SCOTT created a fraudulent CashApp account for H.W. which was linked to H.W.'s SECU account. On August 10, 2020, a CashApp verification deposit and withdrawal posted to H.W.'s account. Between August 12, 2020, and August 13, 20202, SCOTT accessed H.W.'s account 14 times using either H.W.'s SSN or SECU card number, all without a corresponding member phone call. Between August 13, 2020, and October 2, 2020, SCOTT conducted multiple CashApp transactions to at least nine different

individuals, several of whom are also victims, totaling $1,469.

11. Overall, SCOTT used the Victim Accounts to conduct 688 fraudulent CashApp transactions totaling $5,468.95, 120 fraudulent PayPal transactions totaling $11,245.42, and 47 fraudulent Bill Pay transactions totaling $62,773.00.

## COUNT ONE

12. The preceding paragraphs are incorporated by reference as though fully set forth herein.

13. From on or about November 1, 2018, until on or about June 2, 2021, both dates being approximate and inclusive, within the Eastern District of North Carolina and elsewhere, the defendant, JILLIAN LEANNAH SCOTT, did knowingly execute and attempted to execute a scheme and artifice to defraud and to obtain money, funds, credits, assets, securities, or other property owned by, or under the custody or control of State Employees' Credit Union, a federally insured financial institution, as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(2).

## COUNT TWO

14. The preceding paragraphs are incorporated by reference as though fully set forth herein.

15. From on or about November 1, 2018, until on or about June 2, 2021, both dates being approximate and inclusive, within the Eastern District of North Carolina and elsewhere, the defendant, JILLIAN LEANNAH SCOTT, did disclose, use, and

compel the disclosure of the social security number of any person in violation of the laws of the United States. All in violation of Title 42, United States Code, Section 408(a)(8).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## FORFEITURE NOTICE

Notice is hereby given that all right, title, and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

DANIEL P. BUBAR
Acting United States Attorney

_____
BY: TOBY LATHAN
Assistant United States Attorney

Date: 3/6/2025

6

Case 7:25-cr-00028-BO    Document 1    Filed 03/06/25    Page 6 of 6